[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-13191
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 23, 2012
JOHN LEY
CLERK

D. C. Docket No. 1:10-cv-21591-JEM


DERRICK ALLEN,

                                                            Plaintiff-Appellant,

        versus

STATE OF FLORIDA,
11th Judicial Circuit for Miami-Dade County,
3rd District Court of Appeals,
U.S. DISTRICT COURT,
Southern District, et al.

                                                            Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 23, 2012)

Before EDMONDSON, BARKETT, and MARCUS, Circuit Judges.

PER CURIAM:

Derrick Allen, a Florida prisoner proceeding pro se, appeals the district court's sua sponte dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim, 28 U.S.C. § 1915(e)(2)(B)(ii). No reversible error has been shown; we affirm.

Allen filed a section 1983 complaint against (1) the State of Florida, (2) the Florida State Attorney General, and (3) the Eleventh Judicial Circuit of Miami Dade County, the Florida Third District Court of Appeal, the Florida Supreme Court, the United States District Court for the Southern District of Florida, and this Court (collectively, "Defendant Courts"). Allen claimed that various attorneys from the State Attorney General's office filed fraudulent pleadings in his underlying criminal and habeas corpus proceedings. He also alleged that various judges of the Defendant Courts violated his due process rights by failing to review properly his pleadings in those proceedings.

The district court dismissed Allen's complaint for failure to state a claim because (1) Defendants were not "persons" acting under color of state law, as required by section 1983; (2) Allen was improperly using a section 1983 claim to

challenge his underlying state convictions; and (3) Allen's challenges to his criminal convictions were barred by Heck v. Humphrey, 114 S.Ct. 2364 (1994).

We review de novo the district court's sua sponte dismissal for failure to state a claim under section 1915(e)(2)(B)(ii). Hughes v. Lott, 350 F.3d 1157, 1159-60 (11th Cir. 2003). And we may affirm on any ground supported by the record even if that ground was not relied upon or considered by the district court. Thomas v. Cooper Lighting Inc., 506 F.3d 1361, 1364 (11th Cir. 2007).[*]

Because we conclude that each Defendant is immune from Allen's section 1983 suit, we need not address the district court's reasons for dismissal. See id. First, the Eleventh Amendment bars suits against a state brought by the state's own citizens or citizens of other states. McClendon v. Ga. Dep't of Cmty. Health, 261 F.3d 1252, 1256 (11th Cir. 2001). Nothing evidences that an exception to the Eleventh Amendment immunity applies in this case. See Seminole Tribe of Fla. v. Fla., 11 F.3d 1016, 1021 (11th Cir. 1994) (discussing three exceptions to Eleventh Amendment immunity). Thus, the Eleventh Amendment bars Allen's claims against the State of Florida.

---

[*]In addition, we liberally construe pro se pleadings. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

Second, prosecutors are entitled to absolute immunity from suits under section 1983 for activities that are "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 96 S.Ct. 984, 995 (1976) (concluding that a prosecutor is immune from suit for actions performed while "initiating a prosecution and . . . presenting the State's case"). Because Allen's claims against the State Attorney General's office focus on the content of the State's pleadings in Allen's criminal and habeas corpus proceedings, the claims are barred by prosecutorial immunity.

Allen's claims against the Defendant Courts are also barred. Judges are entitled to absolute immunity from suits for acts performed while they are acting in their judicial capacity unless they acted in "complete absence of all jurisdiction." Mireles v. Waco, 112 S.Ct. 286, 288 (1991). Immunity applies even when the judge's acts are in error, malicious, or in excess of his or her jurisdiction. Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000). Allen's complaints against the judges of the Defendant Courts are based on the judges' alleged failure to review properly his pleadings. The judges acted within their jurisdiction and judicial capacity in denying Allen's claims and, thus, they are entitled to absolute judicial immunity.

4

Because each Defendant is immune from suit, the district court properly dismissed Allen's complaint for failure to state a claim.

AFFIRMED.